### BARBER v. ROLAND.

1. There was no error in overruling the demurrer to the plaintiff's petition.
2. A receipt which formed a part of the res gestæ of the transaction was admissible in evidence.
3. When taken in connection with other portions of the charge, the excerpts to which exceptions were taken do not require a new trial.
4. The doctrine that when the sole consideration of a contract is the mutual promises of the parties, they must be mutually binding, is not applicable to this case.
(a) Under the charge of the court, the case was made to turn upon the existence of a voluntary agency, and the question whether such an agent was guilty of gross negligence.
5. The verdict was supported by the evidence, and none of the grounds of the motion for a new trial require a reversal.

MAY 12, 1915.

Action for damages. Before Judge Thomas. Colquitt superior court. February 7, 1914.

A litigation was pending between Uretta Roland and G. W. Roland, wherein the former was seeking to have canceled a deed made by her to the latter. A settlement was agreed upon, covering that case and an alimony suit, and a consent decree was taken. It provided that the defendant should pay to the plaintiff, on or before December 1, 1910, $1,750; and that if he did so, the title to the land should vest in him, otherwise in her. The amount was not paid by the date fixed, and on the next day she conveyed the land to another. J. P. Roland filed an equitable petition against her, and certain persons claiming under her, for the cancellation of the deed so made, and for other relief. It was alleged, that Mrs. Roland concealed herself so as to avoid a tender within the time fixed; that the money was deposited in the Citizens Bank of Moultrie to her credit, and this was known to her; that those taking under her did so with notice; that J. P. Roland bought the land from G. W. Roland, and arranged to secure the money to make the payment; and that the value of the property was more than that amount. On the trial, at the close of the evidence, the court directed a verdict for the defendants, and this judgment was affirmed by the Supreme Court. 139 Ga. 825 (78 S. E. 249.).

J. P. Roland then brought the present action against W. H. Barber, alleging, among other things, as follows: On October 16, 1910, the plaintiff agreed to buy from G. W. Roland the land above mentioned for the price of $3,000, and a mule for $175. Of the

purchase-money $1,750 was to go in payment of the amount due to Uretta Roland in order to clear the title. Barber agreed to furnish $3,175, if the plaintiff's wife would convey to him her home place at $1,531.25, which would constitute a part of the sum of $3,175, and provided the plaintiff, as soon as G. W. Roland should convey the latter's place to him, would mortgage it to Barber for the remaining $1,643.75. This was carried into effect in one transaction. Barber then and there agreed with G. W. Roland, the plaintiff, and the plaintiff's wife, as had been understood prior to the execution of the papers, that he would retain the $1,750 which it was necessary to pay to Uretta Roland on or before December 1 thereafter, and would pay it to her for G. W. Roland. Barber and G. W. Roland offered to pay the money to the attorney of Uretta Roland, but he declined to receive it, saying that he had no authority to do so, as the money was to be paid to her personally. Barber then inquired where she was, and receiving no information, he deposited the money in the Citizens Bank subject to her order, saying that he would get it to her before December 1, 1910. He then delivered to G. W. Roland the balance remaining after deducting the amount stated. The plaintiff relied on Barber to carry out his agreement, and hence took no further steps to see that the money was paid to Uretta Roland, except that the plaintiff reminded Barber of the matter once or twice before December 1, and the latter assured him that he would make the payment on or before that date. Barber negligently failed to make the payment by December 1; but, desiring to allow the amount to remain as long as possible on deposit in the bank, of which he was the president and a large stockholder, so that the bank could use the money, he negligently delayed locating, or attempting to locate, Uretta Roland until a short while before December 1, and then went to Florida and forgot about making the payment until after that date. After learning of the default of Barber and that Uretta Roland claimed title to the G. W. Roland place because thereof, the plaintiff filed suit, seeking to compel her to accept the money. Barber had full notice of this suit, and testified on the trial thereof. The court adjudicated that the plaintiff had lost the land by reason of the default of Barber, and the judgment was affirmed by the Supreme Court. The G. W. Roland place was worth $4,000. By his failure

to carry out said contract to pay Uretta Roland $1,750 by December 1, 1910, Barber damaged the plaintiff.

By amendment the plaintiff alleged, that Uretta Roland was easily accessible during all the time between October 22 and December 1, 1910, and that the failure to make the payment to her during that time was the result of gross negligence on the part of Barber; that Barber agreed and contracted with the plaintiff, G. W. Roland, and Nevada Roland (the plaintiff's wife) each severally, on October 22, that he would see to it that the amount left in the bank, of which he was the president and general manager, should be paid to Uretta Roland on or before December 1; that this agreement was made as a part of the contract by which he agreed to furnish the money for the payment, and from which contract he was to receive a profit in the value of the Nevada Roland place in excess of the price paid therefor by him, and in the interest at eight per cent. per annum for thirty days, which was to be paid to Barber for the amount borrowed by the plaintiff from him in connection with the trade; and that this was embodied in a separate and independent, voluntary agreement made by Barber with the plaintiff, the plaintiff's wife, and G. W. Roland severally, after the contract to furnish the money had been made.

The defendant denied making any such agreement or contract as was alleged by the plaintiff, or being in default, or that any duty devolved on him to find and to pay to Uretta Roland any sum whatever. The jury found for the plaintiff $1,356.35. The defendant moved for a new trial, which was denied, and he excepted. He also assigned error on the overruling of the demurrer interposed by him to the plaintiff's petition. Other necessary facts will appear from the opinion.

*J. D. McKenzie* and *James Humphreys,* for plaintiff in error.
*Pope & Bennet,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. There was no error in overruling the demurrer to the petition of the plaintiff as amended.

2. A receipt for $1,750, signed by the Citizens Bank, through its cashier, W. S. Stokes, to G. W. Roland, was offered in evidence. It contained the clause "to be held [in] trust to be paid to Uretta Roland on or before December 1, 1910, in compliance with an order of the superior court, same being in full settlement of suit filed for

alimony." This was admitted over objection. There was no error in this ruling. According to the evidence introduced on behalf of the plaintiff, he, his wife, G. W. Roland, and the defendant were all present in the bank closing up the transaction, and the giving of the receipt was a part of the res gestæ. Evidence was introduced by the defendant, tending to show that no such promise was made as contended, but that the amount of money was deposited by G. W. Roland, and he or the plaintiff was to bring Uretta Roland to the bank to receive it. The paper also tended to conflict with certain of the evidence introduced by the defendant.

3. While, in one portion of his charge, the presiding judge stated that the first question was whether the defendant agreed to pay to Uretta Roland the $1,750, without expressly saying that the agreement must have been made with the plaintiff, yet immediately thereafter the judge, in effect, made the case turn on the questions of voluntary agency and gross negligence; and in that connection he distinctly submitted the question whether the defendant agreed with the plaintiff that he would see to the payment to Uretta Roland within the prescribed time. Upon the whole, it is highly improbable that the jury could have understood from the charge that the plaintiff could recover upon an agreement made by the defendant with any one but himself.

4. The contention of counsel for the plaintiff in error that the rule, that where mutual promises furnish the only consideration for a contract they must be mutually binding, was applicable or controlling, is not well founded. It was not contended that the consideration, if there was one, was of that character. And, as above stated, the case was made to substantially rest on the theory that there was no valuable consideration for the agreement, but that the defendant agreed with the plaintiff to render certain services as the agent of the latter, and that he was liable for gross neglect as a voluntary agent. Civil Code (1910), § 3581.

5. The other grounds of the motion for a new trial are not meritorious.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*